**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

NOV 1 5 2019

**JAMES W. McCORMACK, CLERK**

By:_____
        **DEP CLERK**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHERYL BOLDEN, Individually and on Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                    No. 4:19-cv- *802 - KGB*

**SHARON CALLAHAN**                                    **DEFENDANT**

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

COMES NOW Plaintiff Cheryl Bolden ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC and for her Original Complaint — Collective Action against Defendant Sharon Callahan ("Defendant"), and in support thereof, does hereby state and allege as follows:

This case assigned to District Judge *Baker*
and to Magistrate Judge *Kearney*

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; costs; and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper minimum and overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.     Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as her FLSA claims.

6.     This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.     Defendant conducts business within the State of Arkansas, with its principal place of operation being in Russellville.

8.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9.     Plaintiff was employed at Defendant's business located in the Eastern District. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

10.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated in this section.

11.    Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

12.    Plaintiff was employed by Defendant as a cosmetologist from approximately November of 2017 until approximately April of 2019.

13.    During Plaintiff's employment, Defendant classified Plaintiff as an independent contractor and paid Plaintiff a commission for each service she provided to a customer.

14.    At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

15.    Defendant Sharon Callahan is the owner of Hair Tech Studios and is an individual who resides in the State of Arkansas and established and maintained the policies at issue in this case.

16.    Defendant Sharon Callahan was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.    Defendant has operational control and management over Hair Tech Studios, as well as control over employees, including power to supervise, hire and fire, establish wages and wage policies, and set schedules for her employees.

## IV.    FACTUAL ALLEGATIONS

18.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19.    During Plaintiff's employment, Plaintiff worked for Defendant as a cosmetologist and was responsible for styling customers' hair, cleaning the salon,

maintaining inventory, and performing other tasks as directed by Defendant in support of Defendant's business operations.

20.     Plaintiff and other cosmetologists participate in interstate commerce as part of their jobs by processing credit card transactions and ordering products for the business from out-of-state vendors.

21.     Plaintiff and other commissioned cosmetologists generally worked a regular schedule each week for Defendant.

22.     Defendant expected Plaintiff and other cosmetologists to work from 9 a.m. to 6 p.m., Tuesday through Saturday of each week.

23.     Plaintiff and other commissioned cosmetologists were classified as independent contractors and were paid a sixty percent (60%) commission for each service they provided.

24.     In weeks during which Plaintiff and other commissioned cosmetologists worked at least forty (40) hours and earned less than $200.00 in commissions, they were guaranteed a $200.00 paycheck from Defendant for the week.

25.     Plaintiff and other cosmetologists' pay fell below the minimum wages required by the FLSA and the AMWA.

26.     Plaintiff was paid an average of $309.00 in commission each week.

27.     Plaintiff worked an average of 45 hours in each week.

28.     Therefore, Plaintiff's average hourly rate was $6.87 per hour.

29.     Plaintiff's regular rate of pay did not exceed one and one-half times the applicable $9.25 minimum wage for all hours worked over forty (40) per week.

30.     Defendant required Plaintiff and other commissioned cosmetologists to

satisfy whatever needs and requirements Defendant and Defendant's customers had.

31.    Defendant expected Plaintiff and other cosmetologists to follow Defendant's policies regarding their employment.

32.    Plaintiff and other cosmetologists did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

33.    Plaintiff and other cosmetologists did not exercise discretion and independent judgment with respect to any matters of significance.

34.    Plaintiff and other cosmetologists were hired to work for Defendant for a continuous and ongoing period of time.

35.    Plaintiff and other cosmetologists did not provide any training for any employee nor did they direct the work of any employee.

36.    Plaintiff and other cosmetologists did not select any employees for hire, nor did Plaintiff and other cosmetologists have any ability to fire employees.

37.    Plaintiff and other cosmetologists did not have any control of or authority over any employee's rate of pay or working hours.

38.    Plaintiff and other cosmetologists regularly and customarily worked at Defendant's place of business.

39.    Plaintiff's investment in Defendant's business was limited to a small number of hair styling tools. Defendant is responsible for all expenses associated with the facilities and marketing the business and provided Plaintiff and other cosmetologists with hair products to use on customers.

40.    Defendant determined the cosmetologists' pay scale for services without input from or negotiation with cosmetologists.

41.     Defendant set prices for services without input from or negotiation with cosmetologists.

42.     Defendant made decisions on advertising Defendant's business without cosmetologist input.

43.     Defendant made decisions on what new business to pursue or take without cosmetologist input.

44.     Plaintiff and other cosmetologists did not negotiate contracts or prices with Defendant's customers.

45.     Defendant directed the cosmetologists.

46.     Defendant required cosmetologists to follow the directions of Defendant with respect to styling customers' hair and performing other non-commissioned duties such as cleaning the salon and placing orders for inventory.

47.     Cosmetologists had no opportunity to share in Defendant's profits.

48.     Cosmetologists did not share in Defendant's losses.

49.     Plaintiff and other cosmetologists were and are entitled to lawful minimum wages and overtime wages for all hours worked over forty (40) per week.

50.     It was Defendant's commonly applied practice to not pay Plaintiff and other cosmetologists for all hours during which they were performing labor for Defendant.

51.     As a result, Defendant did not pay Plaintiff and other cosmetologists a lawful minimum wage for all hours worked up to forty (40) hours in one week and lawful overtime wages for all hours worked in excess of forty (40) per week.

52.     Defendant knew or showed reckless disregard for whether the way she

paid Plaintiff and other cosmetologists violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

53.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

55.    Plaintiff brings her FLSA claims on behalf of all cosmetologists employed by Defendant at any time within the applicable statute of limitations period who were classified by Defendant as independent contractors and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful minimum wage for all hours worked for Defendant up to forty (40) hours in a workweek and payment of lawful overtime wages for all hours worked for Defendant over forty (40) hours in a workweek;

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

56.    Plaintiff proposes the following collective under the FLSA:

**All commission-based cosmetologists employed within the past three years.**

57.    In conformity with the requirements of FLSA Section 16(b), Plaintiff will file her written Consent to Join this lawsuit.

58.    The relevant time period dates back three years from the filing of this Original Complaint and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

59.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendant as independent contractors;

B.     They were only paid a commission for each service provided; and

C.     They were subject to Defendant's common policy of denying lawful pay for all hours worked.

60.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds five (5) persons.

61.     Defendant can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

62.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65.     At all relevant times, Defendant has been, and continues to be, an

enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66.     29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67.     Plaintiff does not qualify for any exemptions to the FLSA requirements for minimum and overtime wages.

68.     Despite the entitlement of Plaintiff to lawful minimum and overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful minimum wages for all hours worked up to forty (40) in one week and overtime wages for all hours worked over forty (40) in each one-week period.

69.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

70.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

71.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

73.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75.     Despite the entitlement of Plaintiff to payment of a lawful minimum wage under the AMWA for all hours worked up to forty (40) in each one-week period, Defendant failed to pay Plaintiff a lawful minimum wage.

76.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

77.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VIII.    THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

78.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79.     Plaintiff, individually and on behalf of others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81.    During the period relevant to this lawsuit, Defendant misclassified Plaintiff and all similarly situated members of the FLSA collective as independent contractors.

82.    Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period, and instead deliberately chose to only pay them a commission for services they provided.

83.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

84.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

85.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Cheryl Bolden, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.    Certification of a collective action pursuant to the FLSA, with all attendant notices to collective members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

B.    A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

C.    Judgment for damages for all unpaid minimum and overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

D.    Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

E.    An order directing Defendant to pay Plaintiff and other similarly situated employees prejudgment interest, a reasonable attorneys' fee; and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHERYL BOLDEN, Individually
and  on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com