IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHERYL BOLDEN, individually and on
behalf of all others similarly situated                                      PLAINTIFF

v.                                     Case No. 4:19-cv-00802-KGB

SHARON CALLAHAN                                                              DEFENDANT

<u>ORDER</u>

Plaintiff Cheryl Bolden brings this action against defendant Sharon Callahan (Dkt. No. 1).

Ms. Bolden alleges that Ms. Callahan failed to pay her and other similarly situated commission-

based cosmetologists lawful minimum wages and overtime wages in violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.*, and the Arkansas Minimum Wage Act

("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq*. (*Id.*, ¶¶ 1-2, 56).  Before the Court is

Ms. Bolden's motion for conditional certification, for approval and distribution of notice, and for

disclosure of contact information (Dkt. No. 4).  Ms. Callahan responded to the motion (Dkt. No.

6).  For the following reasons, the Court grants, in part, and denies, in part, Ms. Bolden's motion

for conditional certification, for approval and distribution of notice, and for disclosure of contact

information (Dkt. No. 4).

## I.      Factual Background

In her sworn declaration, Ms. Bolden avers that she was employed by Ms. Callahan as a

commission-based cosmetologist from approximately November 2017 until April 2019 (Dkt. No.

4-7, ¶ 3).  Ms. Bolden states that Ms. Callahan owns and operates a hair salon in Russellville,

Arkansas (*Id.*, ¶ 4).  Ms. Bolden states that Ms. Callahan hired her and other cosmetologists to

provide services and perform other duties in support of Ms. Callahan's business operations,

including styling customers' hair, cleaning the salon, maintaining inventory, and performing other

tasks as directed by Ms. Callahan in support of her business operations (*Id.*, ¶¶ 5-7).  Throughout her employment with Ms. Callahan, Ms. Bolden avers that she worked in excess of 40 hours per week in almost every week of her employment unless she was sick, on vacation, or otherwise on leave (*Id.*, ¶ 8).  Ms. Bolden claims that she knows other cosmetologists worked hours similar to hers because Ms. Callahan set out their work schedules and because Ms. Bolden observed other cosmetologists working the same or similar hours that she worked (*Id.*, ¶ 9).

During her employment, Ms. Bolden asserts that Ms. Callahan classified her and other cosmetologists as independents contractors (*Id.*, ¶ 10).  Ms. Bolden claims that Ms. Callahan paid her and the other commission-based cosmetologists a 60% commission on each service provided but did not pay her and the other cosmetologists for any other work performed (*Id.*, ¶ 11).  Commission-based cosmetologists such as Ms. Bolden were hired to work for Ms. Callahan for a continuous and ongoing period of time; regularly and customarily worked at Ms. Callahan's place of business; did not set, negotiate, or provide input regarding prices for services; did not make decisions or provide input regarding advertising Ms. Callahan's business; did not make decisions or provide input regarding what new business to pursue or take; did not negotiate contracts or prices with Ms. Callahan's customers; were required to follow the directions of Ms. Callahan with respect to styling customers' hair and performing other non-commissioned duties, such as cleaning the salon and placing orders for inventory; and did not share in Ms. Callahan's profits or losses (*Id.*, ¶ 12).

Ms. Bolden asserts that other commission-based cosmetologists were paid the same and suffered the same issues with pay as she claims to have suffered because she spoke with other cosmetologists for Ms. Callahan who complained about the hours they worked and how they got paid (*Id.*, ¶ 13).  Additionally, based on her experience talking with other cosmetologists, Ms.

Bolden believes that there would be other individuals who would want to join this lawsuit if notice were sent to them and if they were made aware of their right to claim lawful wages (*Id.*, ¶ 14).

## II.     Analysis

In the instant motion, Ms. Bolden seeks conditional certification for the following collective: "[a]ll commissioned cosmetologists employed within the three years prior to the filing of the complaint" (Dkt. No. 4, ¶ 3).  The Court considers the propriety of conditional certification of this collective.

### A.     FLSA Conditional Certification

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of herself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless she gives her consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Many district courts in the Eighth Circuit utilize a two-step approach in collective action cases.  At the notice stage, the Court must determine, based on the pleadings and affidavits, whether notice should be given to potential class members.  The key issue is whether the members of the proposed class are similarly situated.  If the Court allows notification, then a representative class is conditionally certified, and Ms. Bolden will send notice to the putative opt-in plaintiffs.  At the second stage, the Court determines whether to decertify the class once discovery is largely complete.  *Smith v. Frac Tech Services, Ltd.*, No. 4:09-cv-679, 2009 WL 4251017, at *2 (E.D. Ark. Nov. 24, 2009) (citation omitted).  This Court has previously adopted this approach.  *See McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-824, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019); *Cruthis v. Vision's*, No. 4:12-cv-244, 2013 WL 4028523, at *1-2 (E.D. Ark. Aug. 7, 2013);

3

*Watson v. Surf-Frac Wellhead Equip. Co.*, No. 4:11-cv-843, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).

"'To establish that conditional certification is appropriate, the plaintiff[] must provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1018 (S.D. Iowa 2016) (alteration in original) (quoting *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008)).  Ms. Bolden's factual burden at this stage is not onerous.  *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010).  Ms. Bolden's burden at the notice stage is lenient and may be met by making a "modest factual showing," typically by the submission of affidavits, that she and the putative class were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion.  *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001)).  However, while this is a "lenient standard, . . . 'more than mere allegations' are required."  *Tegtmeier*, 208 F. Supp. 3d at 1018 (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs."  *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citation omitted).  The Court can consider a variety of non-exclusive factors in determining whether employees are similarly situated.  Such factors include:  (1) whether the employees held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the employees were subjected to the same policies and practices and, if so, whether the policies and practices were established in the same manner and by the same decision maker;

and (5) the extent to which the acts constituting the alleged violations are similar. *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090, 1097-99 (11th Cir. 1996)). "The Court does not need to determine whether class members are *actually* similarly situated until the 'merits stage' of the litigation," when Ms. Callahan may move to decertify the class if appropriate. *Tinsley v. Covenant Care Servs., LLC*, No. 1:14-cv-00026-ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (emphasis in original) (citing *Littlefield*, 679 F. Supp. 2d at 1016-17).

Ms. Bolden asserts that the pleadings and attached exhibits contain an abundance of information supporting her claim that there are other similarly situated individuals (Dkt. No. 5, at 7). In short, Ms. Bolden maintains that she and other similarly situated employees worked hours for which they were not paid because of Ms. Callahan's alleged pay practices, including being denied a lawful minimum wage and overtime rate (*Id.*, at 8). Based on the limited record before it, the Court determines that Ms. Bolden's declaration and the allegations in her complaint suffice to show that the members of the proposed collective were alleged victims of a purported common policy. The Court finds that Ms. Bolden has carried her lenient burden of establishing at this stage of the litigation that she is similarly situated to all commissioned cosmetologists within the three years prior to the filing of the complaint. Therefore, the Court conditionally certifies this action under the FLSA and the AMWA for purposes of giving notice.

### B.     Notice And Disclosure Of Contact Information

Ms. Bolden requests that this Court permit her to provide notice to potential opt-in plaintiffs *via* traditional U.S. mail and email and that this Court permit her to distribute a reminder postcard *via* traditional U.S. mail (Dkt. No. 4, ¶ 7). Ms. Bolden has submitted a proposed notice, proposed

consent to join, proposed electronic transmissions, proposed electronic consent to join, and proposed reminder postcard (Dkt. Nos. 4-1; 4-2; 4-3; 4-4; 4-5). Ms. Bolden requests a period of 90 days to distribute the notice and file consent to join forms with this Court (Dkt. No. 4, ¶ 6). Ms. Bolden also asks this Court to enter an order directing Ms. Callahan to provide the names, last known home and work addresses, telephone numbers, and email addresses of potential opt-in plaintiffs no later than one week after the date of the entry of this Order (*Id.*). Further, Ms. Bolden asks that Ms. Callahan be required to post the notice in a conspicuous location in the same areas in which it posts government-required notices to guarantee notice to Ms. Callahan' current employees (*Id.*, ¶ 8).

The Court grants in part and denies in part Ms. Bolden's motion as it pertains to notice to potential opt-in plaintiffs (Dkt. No. 4, ¶¶ 5-8). The Court grants Ms. Bolden's motion to the extent that she seeks to provide potential opt-in plaintiffs with notice *via* U.S. mail and email. Accordingly, Ms. Bolden may send one written notice and consent form to the potential opt-in plaintiffs *via* email and one written notice and consent form *via* U.S. Mail. Ms. Bolden's proposed written notice and consent forms are acceptable (Dkt. Nos. 4-1; 4-2). The proposed electronic notice and electronic consent forms are also acceptable to the Court (Dkt. Nos. 4-3; 4-4). The Court grants Ms. Bolden's request to distribute a reminder postcard *via* traditional U.S. mail. The Court also denies without prejudice Ms. Bolden's request to require Ms. Callahan to post the notice in her facility or facilities.

The Court grants Ms. Bolden's motion as it pertains to disclosure of contact information (Dkt. No. 4, ¶ 9). To facilitate notice, the Court orders Ms. Callahan to provide Ms. Bolden's counsel the names, including any aliases they may have gone by or go by now, last known home and work addresses, telephone numbers, and all known email addresses, including personal and

6

company-sponsored, for every commissioned cosmetologist who worked for Ms. Callahan within the three years prior to the filing of the complaint, within 21 days of the date of this Order.  The Court also directs Ms. Callahan to provide such information to Ms. Bolden's counsel *via* Microsoft Word or Excel formatting.  After receiving such information, Ms. Bolden shall then have 90 days to distribute notice and file opt-in consent forms with the Court.

### III.     Conclusion

For the reasons discussed above, the Court grants in part and denies in part Ms. Bolden's motion for conditional certification, for disclosure of contact information, and to send notices (Dkt. No. 4).  The Court conditionally certifies the following class:

> All commissioned cosmetologists employed within the three years prior to the filing of the complaint.

To facilitate notice, Ms. Callahan is ordered to provide to Ms. Bolden's counsel the names, last known home and work addresses, telephone numbers, and all known email addresses, including personal and company-sponsored, for every commissioned cosmetologist who worked for Ms. Callahan within the three years prior to the filing of the complaint, within 21 days of the date of this Order.  Ms. Bolden shall have 90 days from the date Ms. Callahan provides this information to distribute notice to the potential opt-in plaintiffs and file copies of the consent forms with the Court.  Ms. Bolden may provide notice to the class of individuals consistent with the terms of this Order.

It is so ordered this 28th day of September, 2020.

Kristine G. Baker
United States District Judge